DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court which found that appellant had breached the parties' written purchase agreement by failing to assume and pay the balance of appellee's mortgage. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "The trial court failed to consider plaintiff/appellee's negligence in finding for plaintiff at trial."
 {¶ 4} On April 24, 1999, appellant entered into an agreement to purchase several parcels of real estate located in Toledo from appellee for $82,100, which represented the balance of appellee's underlying mortgage on the properties. Appellee had incurred the mortgages in 1996 through a home equity line of credit with Bank One. Appellee transferred the real estate to appellant by warranty deed on May 28, 1999, subject to the balances on the mortgage. Appellant initially made payments to Bank One but eventually discontinued the payments. Foreclosure proceedings were begun by Bank One in 2001. After two of the properties were sold at a sheriff's sale, Bank One demanded that appellee pay $16,422.75, the balance due on the note. Appellee settled with the bank in July 2002 for $7,000.
 {¶ 5} On December 3, 2002, appellee filed suit against appellant in an effort to recover the $7,000 he had paid Bank One. In his complaint, appellee alleged that appellant was in default pursuant to the terms of the purchase agreement by his failure to pay the mortgage which he had agreed to assume and that appellant had failed to secure the release of appellee from liability under the Bank One mortgage. As affirmative defenses, appellant asserted that the contract entered into by the parties did not require him to obtain appellee's release from the Bank One mortgage, that the contract failed due to impossibility of performance, and that appellee was negligent in failing to obtain his own release from the mortgage.
 {¶ 6} The case came to trial before the court on May 19, 2003. Appellee testified that he transferred the property to appellant and then received notice from Bank One in November 2001 that payments on his loan were over $16,000 in arrears. He further testified that he ultimately settled with Bank One for $7,000. Appellee stated that, other than the purchase agreement, there was no document that separately set forth an obligation on appellant's part to assume the mortgage. He testified that he did not contact Bank One regarding his intention to transfer the mortgage to appellant in order to obtain the bank's consent.
 {¶ 7} Appellant testified as to his understanding that by signing the purchase agreement he was agreeing to continue to make payments on the properties and would also attempt to assume the mortgage through Bank One. He testified further that he was not aware at the time he signed the purchase agreement that appellee was required by Bank One to obtain written permission before transferring the properties to anyone. He also stated that Bank One told him appellee's mortgage was not assumable.
 {¶ 8} By judgment entry filed July 3, 2003, the trial court found that appellee had proved by a preponderance of the evidence that appellant had breached the parties' written purchase agreement by failing to assume and pay the balance of appellee's mortgage with Bank One. The trial court further found that the purchase agreement was not merged into the subsequent deed and that a valid contract existed between the parties. It is from that judgment that appellant appeals.
 {¶ 9} In his sole assignment of error, appellant asserts that the trial court erred by failing to consider appellee's negligence in not obtaining Bank One's consent for the loan to be assumed, which was an act that was required in order to carry out the intent of the parties to the purchase contract.
 {¶ 10} Appellant frames the issue in this case as being whether appellee was negligent in failing to arrange for the mortgage to be assumed. We disagree. The parties signed a purchase agreement and, as the trial court found, it was a valid contract for which appellant should be held liable. The record reveals that at trial, appellant admitted signing the agreement to purchase several of appellee's properties for $82,100. The purchase agreement contained no language making the sale contingent upon appellant's ability to assume the Bank One mortgage, although it clearly would have been to appellee's advantage had the mortgage been assumable. Appellant testified that he was unable to assume appellee's mortgage and also admitted that he eventually stopped making payments to Bank One. Consequently, appellant's failure to make full payment on the mortgage pursuant to the purchase agreement led to appellee's having to pay Bank One $7,000 to settle the claim the bank brought against him. Appellant breached the written agreement and the trial court properly awarded appellee damages of $7,000. Accordingly, the trial court did not err by failing to find that appellee was negligent, and appellant's sole assignment of error is not well-taken.
 {¶ 11} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Toledo Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J. Lanzinger, J. Judges Concur.